Filed 3/29/24  P. v. Yi CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C098349 |
| Plaintiff and Respondent, | (Super. Ct. No. 20FE009058) |
| v. | |
| JOSEPH YI, | |
| Defendant and Appellant. | |

A jury found defendant Joseph Yi guilty of voluntary manslaughter and found true a weapon allegation, as well as an aggravating circumstance allegation that defendant used a weapon during the commission of his offense.  The trial court further found true as aggravating circumstances that defendant was on probation at the time of the offense and had served a prior term in jail.  The trial court weighed the aggravating circumstances against the circumstances listed in defendant's statement in mitigation and sentenced defendant to the upper term of 11 years, plus one year for the weapon enhancement, for a

1

total of 12 years in prison. Defendant appeals and argues the court abused its discretion when weighing the circumstances. We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2020, Yeng T. met defendant at defendant's motel room. Although the two were friends, defendant was afraid of Yeng because Yeng spent time in prison, claimed to be affiliated with a gang, and had made threatening statements to others. Defendant and Yeng left the motel room and went for a drive in search of heroin. Yeng drove erratically, which caused defendant to think they were going to crash. Defendant grabbed the steering wheel but overcorrected and crashed the car. Yeng then told defendant, "[Y]ou're a dead man," which defendant understood to be a death threat. Defendant and Yeng fought inside the car before defendant armed himself with a knife, got out of the passenger side, ran around the vehicle, and smashed the driver's side window. Yeng moved over to the passenger side as defendant entered the driver's side, and defendant stabbed Yeng seven times. Yeng got out of the car and defendant chased Yeng around the car before getting in the car and driving away. Yeng died from the wounds defendant inflicted.

At defendant's sentencing hearing, the trial court acknowledged several circumstances raised in defendant's statement in mitigation: (1) Defendant's prior felony and misdemeanor convictions were not violent in nature; (2) defendant had substance abuse problems; and (3) defendant suffered childhood trauma. The trial court nonetheless imposed the upper term of 11 years for the voluntary manslaughter conviction because defendant was on probation at the time of the offense and had served two prior jail terms pursuant to Penal Code section 1170, subdivision (h).[1] The trial court

---

[1]    While the trial court referred to the aggravating circumstances as defendant's criminal history of felony and misdemeanor convictions, the aggravating circumstances found true were that defendant was on probation at the time he committed the offense and

2

stated, "[B]ut probably one of the most significant factors in my assessment in terms of the level of punishment to be imposed has to do with the level of violence in the killing itself. This was not a one-off. Sometimes when we get these manslaughter verdicts and it's a -- one firing of a gun or two immediate firings of a gun in an isolated moment and an exercise of insanity or crazy lack of judgment, that falls into one column. When there are repeated stabbing[s], violent acts that resulted in a death as here, at least in my thinking, that falls in a different column." The trial court then imposed a year for the weapon enhancement, for a total prison sentence of 12 years.

Defendant appeals.

## DISCUSSION

Defendant does not argue the trial court misunderstood the scope of its discretion. Instead, defendant argues the trial court abused its discretion by selecting the upper term based on the facts before the court. As defendant puts it, his "criminal history, [when] weighed against the numerous factors in mitigation, renders imposition of the upper term an abuse of discretion." We disagree.

We review the trial court's sentencing decision for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) " 'In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, " '[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' " [Citations.] Second, a " 'decision

---

he had served two prior jail terms. Given the close relationship of defendant's prior convictions to his probationary status and prior jail terms, we presume the trial court was referring to the aggravating circumstances found true when referencing defendant's prior convictions. (*People v. Bradford* (2010) 187 Cal.App.4th 1345, 1355 ["absent a showing to the contrary, the trial court is presumed to have known and followed the applicable law"].)

will not be reversed merely because reasonable people might disagree. "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge." ' " [Citation.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it.' " (*People v. Strother* (2021) 72 Cal.App.5th 563, 571, quoting *People v. Carmony* (2004) 33 Cal.4th 367, 376-377.)

Assuming the trial court based its imposition of the upper term on only the aggravating circumstances that defendant was on probation at the time he committed the crime and had served a prior term in jail, defendant has not satisfied his burden of showing the trial court acted in an arbitrary or irrational manner. Indeed, the trial court also considered the circumstances listed in defendant's statement in mitigation. The trial court weighed these circumstances and permissibly selected the upper term. (*People v. Willover* (2016) 248 Cal.App.4th 302, 323 ["When the sentencing decision involves an assessment of various factors, the trial court has discretion to accord different weight to each factor, and its decision need not be determined by the sheer number of factors on one side or the other"].) We may not substitute our judgment of how the circumstances should have been weighed for that of the trial court. (See *People v. Strother*, *supra*, 72 Cal.App.5th at p. 571.)

Moreover, contrary to defendant's contention, the trial court did cite to an offense specific aggravating circumstance—namely that defendant acted with violence by repeatedly stabbing Yeng with a weapon. While the jury did not find defendant acted with great violence when committing the offense, it did find he used a weapon. Given the trial court's focus on the repeated nature of the use of the weapon, we presume the trial court referred to the weapon-related aggravating circumstance—not the great violence aggravating circumstance—when speaking to the aggravated manner of the killing. (See *People v. Bradford*, *supra*, 187 Cal.App.4th at p. 1355.) Accordingly, the

4

trial court did not abuse its discretion by imposing the upper term for the voluntary manslaughter conviction.

## DISPOSITION

The judgment is affirmed.

　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　ROBIE, Acting P. J.

We concur:

/s/
KRAUSE, J.

/s/
MESIWALA, J.